UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANK BONARRIGO<br><br>    Plaintiff,<br><br>v.<br><br>FIRST FIDELITY BANK<br><br>    Defendant. | CAUSE NO. CIV-11-1482-HE |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

FRANK BONARRIGO, through his attorneys, Kim Lucas, Kyle Mathis & Lucas LLP, alleges the following against First Fidelity Bank, Inc.

### INTRODUCTION

1. Plaintiff's Complaint brings this action against the above referenced Defendant(s), for alleged violation of the Electronic Fund Transfer Act, 15 U.S.C. 1693 et. seq (EFTA).

2. The previous paragraphs of the complaint are incorporated by reference and made a part of this complaint.

### JURISDICTION AND VENUE

3. Venue is proper in this District because Defendant(s) does business in this jurisdiction.

4. Venue is proper in this jurisdiction because a substantial portion of the transaction or occurrence took place in this jurisdiction.

5. Venue is proper in this jurisdiction because certain key witness(es) to the transaction or occurrence are situated or reside at or near this jurisdiction.

## PARTIES

6. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

7. Plaintiff, FRANK BONARRIGO is a natural person residing Collin County, in the state of Texas.

8. Defendant(s) are the following entities with the following principle business addresses:

   a. First Fidelity Bank, with a principle place of business located at 900 N. Main, Noble, OK, and which may be served with process by serving its registered agent, Stephen Garrett at 2000 Classen Center, 7th Floor, Oklahoma City, OK 73162.

   b. X,Y,Z Corporations whose identities are not known at this time, but whose identities will be obtained in discovery. Such entities may include corporations or other business entities. It is believed that said entities had a substantial involvement in the transaction or occurrences that are the subject of this complaint. Such entities benefited from the acts complained of and had a substantial role is causing the acts complained of.

corporations or other business entities. It is believed that said entities had a substantial involvement in the transaction or occurrences that are the subject of this complaint. Such entities benefited from the acts complained of and had a substantial role is causing the acts complained of.

## FACTUAL ALLEGATIONS

9. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

10. Defendant(s) operate(s) an automated teller machine (ATM) as described in the attached exhibits.

11. Within the applicable statute of limitations prior to the commencement of this action, Plaintiff used the ATM described above.

12. Plaintiff is not a regular customer of Defendants.

13. There was no external fee notice at or near the ATM that a fee would or may be charged.

14. Defendants' machine charged Plaintiff $3.00. See attached exhibit.

**COUNT ONE: Violation of the Electronic Fund Transfer Act, 15 U.S.C. §1693b(d) ("EFTA"), and implementing Federal Reserve Regulation E. 12 C.F.R. § 205.15.**

15. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

16. Congress enacted the EFTA to protect individual consumer rights by "providing a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). In order to be covered by the EFTA, electronic fund transfers must (1) involve a transfer of funds, (2) that is initiated by electronic means, and (3) debits or credits a

consumer account. Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1328 (7th Cir. 1997).

17. The Electronic Fund Transfer Act, 15 U.S.C. §1693b(d) ("EFTA"), and implementing Federal Reserve Regulation E. 12 C.F.R. § 205.15 require ATM operators such as Defendants to provide notice to consumers that the operator will or may impose a fee on consumers for conducting a transaction at an ATM. One notice must be posted on or near the ATM. This notice is in addition to any that appear on the ATM screen.

18. The EFTA requires ATM operators to provide notice of any fees charged to consumers. An ATM operator that imposes a fee on the consumer must, at the time the service is provided, tell the consumer that a fee is imposed and the amount of the fee. 15 U.S.C. § 1693b(3)(A). The EFTA also requires ATM operators to provide the fee notice on both the machine and the ATM screen 15 U.S.C. § 1693b(3)(B).

19. The EFTA, 15 U.S.C. §1693b(d)(3)(c), and Regulation E, 12 C.F.R. §205.16(e), prohibit the imposition of a fee for using an ATM if the notice requirements are not met.

20. Defendants violated the EFTA by failing to adequately disclose the transaction fee as required by law.

## V. DAMAGES

21. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

22. Plaintiff requests actual damages under the EFTA.

23. Plaintiff requests statutory damages under the EFTA, and requests an amount of no less than $1,000.00.

## VI. ATTORNEY FEES

24. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

25. Plaintiff is entitled to reasonable attorney fees and costs at a rate of $350.00 per hour for services, as well as the filing fee costs of $350.00

## VII. OTHER RELIEF

26. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

27. Plaintiff requests such other relief as this Honorable Court deems just and proper.

WHEREFORE, Plaintiff FRANK BONARRIGO respectfully requests judgment be entered against Defendant, First Fidelity Bank, Inc., in the amount of $4,500.00 for statutory damages, attorneys' fees, plus litigation expenses and costs of suit, and such other relief as this Court deems proper and just.

Respectfully submitted,

By: /s/ Kim A. Lucas
    Kim A. Lucas
    State Bar No. 14991480
    KYLE MATHIS & LUCAS LLP
    8226 Douglas Avenue, Suite 450
    Dallas, Texas 75225
    (214) 706-7600
    (214) 706-7622 (Fax)

ATTORNEY FOR PLAINTIFF
FRANK BONARRIGO

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff FRANK BONARRIGO, demands a jury trial in this case.